IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-125-FL-1
NO. 5:09-CV-565-FL

| | | |
|---|---|---|
| DARRENCE TERMAINE COVINGTON, | ) ) ) | |
| Petitioner | ) ) | ORDER |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion for reconsideration (DE 53) of the court's order (DE 51) dismissing petitioner's motion to vacate under 28 U.S.C. § 2255 (DE 37). Also before the court is petitioner's motion to appoint counsel (DE 54).

## BACKGROUND

On July 17, 2007, petitioner entered a plea of guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base (crack) in violation of 21 U.S.C. § 846. On October 16, 2007, petitioner was sentenced to a term of two hundred sixty-two (262) months imprisonment. Petitioner filed a notice of appeal, which appeal was dismissed pursuant to Federal Rule of Appellate Procedure 42(b) on February 4, 2008.

On February, 25 2009, petitioner proceeding pro se filed a document captioned "Motion of Appeal," seeking to file a motion under 28 U.S.C. § 2255, and asserting a claim of ineffective assistance of counsel on the basis that he shouldn't have been sentenced as a career offender where

his prior convictions did not exceed one year incarceration. On March 9, 2009, the court provided petitioner with notice of the court's intention to recharacterize his February 25, 2009, pleading as an attempt to file a motion for relief pursuant to 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375 (2003). The order further notified movant of the restrictions on second or successive § 2255 petitions, the one year limitation period, and the four dates in § 2255 to be used in determining the starting date for the limitations period. In addition, the order notified petitioner that if he did not respond in opposition to the recharacterization within thirty days, the court would consider it as one under § 2255 and would consider it filed as of the date the original motion was filed. Petitioner did not file a response to the court's recharacterization order.

On August 25, 2011, movant filed a *pro se* motion requesting that the court discharge his fine. On April 9, 2012, petitioner's trial counsel, Robert Lonnie Cooper, entered an appearance for petitioner, but the notice of appearance did not specify further the nature of the appearance, nor did counsel make any filings on behalf of petitioner. On September 17, 2012, the court entered an order denying petitioner's request to discharge petitioner's fine. In the same order, the court construed petitioner's February 25, 2009, filing as a motion to vacate under 28 U.S.C. § 2255.

On September 19, 2012, the court directed the clerk to send a copy of the appropriate form for a § 2255 petition to counsel for the petitioner, and directed counsel to return the form within 14 days of the order. The court noted that failure to do so would result in dismissal of the action or striking the motion. No response having been filed, on October 22, 2012, the court directed petitioner to show cause why the action should not be dismissed for failure to prosecute. Again with no response filed, on January 17, 2013, the court ordered that the motion to vacate be dismissed for failure to prosecute.

On January 30, 2014, petitioner filed a document, referencing earlier correspondence with the court regarding United States v. Simmons, noting that he never received any response from his attorney regarding the status of his case, seeking appointment of counsel, and arguing that he did not "put in a 2255 motion."  The court construes these motions as a motion for reconsideration of the dismissal order and motion for appointment of counsel.

## DISCUSSION

Standing Order 11-SO-03, entered October 18, 2011, provides for appointment of the Federal Public Defender or appointed Criminal Justice Act panel attorney for the limited purpose of determining whether a defendant may qualify for post-conviction relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir.2011), and if so, to assist such defendant in obtaining any such relief.  Such appointment terminates upon determination by appointed counsel that the defendant is not eligible for relief or, if eligible for relief, upon exhaustion of the defendant's post-conviction remedies.

In this case, petitioner's appointed trial counsel, Mr. Cooper, filed a notice of appearance on April 9, 2012, without specifying the nature of the appearance.  No notice of withdrawal by Mr. Cooper has since been filed in this case. The Federal Public Defender has twice entered a limited appearance pursuant to Standing Order 11-SO-01, relating to crack-cocaine guidelines amendments, but these notices did not mention Standing Order 11-SO-03.

It is not clear from the record whether the Federal Public Defender or appointed counsel Mr. Cooper previously reviewed this case for purposes of determining whether defendant may qualify for relief under Simmons.  It appears from petitioner's motion for reconsideration that petitioner was expecting his counsel, Mr. Cooper, to do so.  Absent any motion to withdraw or other filing the court

is unable to determine on the present record the status of petitioner's representation under Standing Order 11-SO-03, for the time period prior to the court's January 17, 2013, dismissal order.

Accordingly, the court GRANTS the motion to reconsider its January 17, 2013, order dismissing petitioner's motion to vacate, and this matter is hereby REINSTATED. The Federal Public Defender is DIRECTED to enter a notice of appearance, or, in the alternative, to appoint a Criminal Justice Act panel attorney to enter a limited appearance, under Standing Order 11-SO-03, to determine whether petitioner may qualify for post-conviction relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir.2011), and if so, to assist such defendant in obtaining any such relief. If, upon review, counsel determines that defendant is not eligible for relief, counsel shall file a motion to withdraw. The motion to appoint counsel thus is GRANTED in this limited respect.

SO ORDERED, this the 27th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4