IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-125-FL-1
NO. 5:09-CV-565-FL

| | |
|---|---|
| DARRENCE TERMAINE COVINGTON, ) ) ) | |
| Petitioner ) ) | ORDER |
| v. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Respondent. ) | |

This matter is before the court on its own initiative, following the court's June 27, 2014, order reopening this case and appointing counsel (DE 59). Although counsel entered a notice of appearance on July 1, 2014, no motion in support of petitioner has been filed, nor motion to withdraw, pursuant to Standing Order 11-SO-03.

**BACKGROUND**

On July 17, 2007, petitioner entered a plea of guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute more than fifty (50) grams of cocaine base (crack) in violation of 21 U.S.C. § 846. On October 16, 2007, petitioner was sentenced to a term of 262 months imprisonment. Petitioner filed a notice of appeal, which appeal was dismissed pursuant to Federal Rule of Appellate Procedure 42(b) on February 4, 2008.

On February, 25 2009, petitioner proceeding pro se filed a document captioned "Motion of Appeal," seeking to file a motion under 28 U.S.C. § 2255, and asserting a claim of ineffective assistance of counsel on the basis that he shouldn't have been sentenced as a career offender where

his prior convictions did not exceed one year incarceration. On March 9, 2009, the court provided petitioner with notice of the court's intention to recharacterize his February 25, 2009, pleading as an attempt to file a motion for relief pursuant to 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375 (2003). The order further notified movant of the restrictions on second or successive § 2255 petitions, the one year limitation period, and the four dates in § 2255 to be used in determining the starting date for the limitations period. In addition, the order notified petitioner that if he did not respond in opposition to the recharacterization within thirty days, the court would consider it as one under § 2255 and would consider it filed as of the date the original motion was filed. Petitioner did not file a response to the court's recharacterization order.

On June 30, 2009, the Federal Public Defender entered a notice of appearance for the limited purpose of filing a motion as set forth within Standing Order 08-SO-1, regarding retroactive application of the November 1, 2007, amendment to the crack cocaine offense level sentencing guidelines. On August 11, 2009, the court denied petitioner's motion for guidelines sentence reduction, on the basis that the offense level resulted from application of the career offender guideline. No further activity took place in this case for over two years.

On August 25, 2011, movant filed a *pro se* motion requesting that the court discharge his fine. On April 9, 2012, petitioner's trial counsel, Robert Lonnie Cooper, entered an appearance for petitioner, but the notice of appearance did not specify further the nature of the appearance, nor did counsel make any filings on behalf of petitioner. On September 17, 2012, the court entered a sealed order[1] dismissing petitioner's motion to discharge petitioner's fine, without prejudice to allow him

---

[1] The court did not specify the reason for sealing its September 17, 2012, order, and no reason for sealing the order is apparent from the record or the contents of the order. Accordingly, the court will DIRECT the clerk to UNSEAL the court's order entered September 17, 2012 (DE 46).

to refile the motion in his district of confinement. In the same order, the court construed petitioner's February 25, 2009, filing as a motion to vacate under 28 U.S.C. § 2255. The court further stated that to the extent petitioner was seeking a modification of the court's judgment concerning his fine, his claim must be brought pursuant to 28 U.S.C. § 2255, and petitioner must file a motion to amend his § 2255 petition.

On September 19, 2012, the court directed the clerk to send a copy of the appropriate form for a § 2255 petition to counsel for the petitioner, and directed counsel to return the form within 14 days of the order. The court noted that failure to do so may result in dismissal of the action or striking the motion. No response having been filed, on October 22, 2012, the court directed petitioner to show cause why the action should not be dismissed for failure to prosecute. Again with no response filed, on January 17, 2013, the court ordered that the motion to vacate be dismissed for failure to prosecute.

Over one year thereafter, on February 7, 2014, petitioner filed the following handwritten statement with the court:

> Last year you sent me a response to a letter I wrote you regarding the United States v. Simmons case. You appointed me a lawyer which was Lonnie Cooper. I wrote him twice to see what the status was on my case. But I never got a response from him. Can you inform me if he is still representing me on this case? If not can you inform me on who is representing me[.] Thank you. I also got a response from you last year on a matter where I asked the courts if I could get my monetary fine. When you responded your judgment was a dismissal of a 2255 motion. I didn't put in a 2255 motion. Thank you for your time.

(DE 53).

On May 23, 2014, the Federal Public Defender entered a notice of appearance for the limited purpose of representation as set forth within Standing Order 11-SO-1, regarding petitions for retroactive application of the November 1, 2011, amendment to the crack cocaine offense level

3

sentencing guidelines. The Federal Public Defender filed a motion to withdraw on June 3, 2014, and the court granted the motion on that same date.

On June 27, 2014, the court construed petitioner's February 7, 2014, handwritten statement as a motion for reconsideration of the court's January 17, 2013, dismissal order, and as a motion for appointment of counsel for purposes of relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir.2011). Noting lack of clarity in the record regarding the nature of representation by Mr. Cooper, and whether petitioner was expecting Mr. Cooper to present a claim under Simmons, the court reinstated petitioner's February 25, 2009, § 2255 motion, and directed the Federal Public Defender to enter a limited appearance under Standing Order 11-SO-03, to determine whether petitioner may qualify for post-conviction relief pursuant to Simmons. The Federal Public Defender entered a notice of appearance on July 1, 2014.

## DISCUSSION

A.   Representation pursuant to Standing Order 11-SO-03

Standing Order 11-SO-03 provides for appointment of counsel to determine whether an indigent defendant currently incarcerated may qualify for post-conviction relief pursuant to Simmons, and if so, to assist such defendant in obtaining any such relief. Standing Order 11-SO-03 provides that this appointment is limited to cases affected or potentially affected by Simmons, and will terminate upon a determination by appointed counsel that the defendant is not eligible for relief or, if eligible for relief, upon exhaustion of the defendant's post-conviction remedies.

In light of the court's June 27, 2014, order, petitioner's February 5, 2009, pro se § 2255 motion remains pending on the docket. Petitioner's pro se § 2255 motion asserted an ineffective assistance of counsel claim, on the basis that his counsel failed to inform him that one of his prior

4

convictions resulting in less than one year of incarceration did not qualify as a predicate conviction for a career offender sentencing enhancement.

Counsel for petitioner is DIRECTED to review this case pursuant to Standing Order 11-SO-03, and pursuant to counsel's notice of appearance. To the extent counsel determines that petitioner's case is "affected or potentially affected by Simmons," and "eligible for relief," 11-SO-03, counsel shall file, within 21 days of the date of this order, an appropriate motion seeking such relief. Otherwise, counsel shall file, within 21 days of the date of this order, an appropriate motion to withdraw. In the event of the latter, petitioner's pro se motion under § 2255 will remain for consideration by the court.

B.  § 2255 Motion

In light of the pending representation pursuant to Standing Order 11-SO-03, the court HOLDS IN ABEYANCE further consideration of petitioner's pro se motion under § 2255, until any motion pursuant to Standing Order 11-SO-03 or a motion to withdraw, as may be appropriate, has been filed.

## CONCLUSION

Based on the foregoing, the Federal Public Defender is DIRECTED to file within **21 days** of the date of this order a motion pursuant to Standing Order 11-SO-03, or motion to withdraw, as may be appropriate, in accordance with the foregoing. Pending filing of such motion, the court HOLDS IN ABEYANCE consideration of petitioner's pro se § 2255 motion. The clerk is DIRECTED to unseal the court's September 17, 2012, order, for the reasons stated herein.

SO ORDERED, this the 30th day of January, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge