IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-125-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| DARRENCE TERMAINE COVINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on defendant's motions for reduction of sentence pursuant to the First Step Act of 2018, (DE 88, 91). On April 7, 2020, the court granted the motion by order and judgment entered separately. The court memorializes herein its reasoning for this decision.[1]

## BACKGROUND

On July 17, 2007, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. The court held defendant's sentencing hearing on October 16, 2007. Defendant qualified for the career offender sentencing enhancement under United States Sentencing Guidelines § 4B1.1, which produced an advisory Guidelines range of 262 to 327 months' imprisonment. The court sentenced defendant to 262 months' imprisonment and five years' supervised release.

---

[1] The court entered the amended judgment prior to issuing this memorandum opinion to account for the possibility that defendant may have been eligible for immediate release in light of the sentence reduction. As reflected on the Federal Bureau of Prisons ("BOP") inmate locator, however, defendant's revised projected release date is September 30, 2020. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ [https://perma.cc/DZ6M-JL7V] (showing updated projected release date of September 30, 2020).

## COURT'S DISCUSSION

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act increased the threshold quantity of cocaine base that triggers 21 U.S.C. § 841(b)(1)(A)(iii)'s 10-year to life term from 50 grams to 280 grams, and the quantity for § 841(b)(1)(B)(iii)'s 5 to 40-year term from 5 grams to 28 grams (but under 280 grams). Fair Sentencing Act § 2(a), 124 Stat. at 2372. The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Id. § 3. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, the parties agree defendant is eligible for relief under the Act, and the government does not oppose a sentence reduction to 188 months' imprisonment. After taking into account the retroactive changes to the statutory penalties, but leaving intact the career offender designation, defendant's revised Guidelines imprisonment range is 188 to 235 months' imprisonment, and four years' supervised release.[2] (DE 94). Accordingly, a comparable sentence under the revised Guidelines range is 188 months' imprisonment and four years' supervised release. Having fully considered the factors under 18 U.S.C. § 3553(a), including defendant's post-sentencing conduct, the court finds such sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Defendant requests downward variance from the foregoing Guidelines range based on the following: 1) he would not be considered a career offender if sentenced today; 2) the offense conduct involved a single controlled purchase of 70.7 grams of cocaine base, no weapon or violence was involved, and defendant accepted responsibility for the offense; and 3) defendant's post-sentencing conduct. In BOP custody, defendant has maintained steady employment with good work evaluations and completed numerous educational courses and vocational training. The court agrees that these factors support granting defendant's First Step Act motion, and the court

---

[2] The court previously has held that the First Step Act does not permit correction of a defendant's erroneous career offender designation when determining the revised Guidelines range, and it adhered to that ruling in this case. See United States v. Jones, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019); see also United States v. Hegwood, 934 F.3d 414, 418-19 (5th Cir. 2019). After the court issued the amended judgment, however, the United States Court of Appeals for the Fourth Circuit rejected Hegwood and this court's determination that career offender errors should not be corrected in a First Step Act proceeding. See United States v. Chambers, No. 19-7104, slip op. at 2 (4th Cir. Apr. 23, 2020). Instead, the Fourth Circuit held "that any Guidelines error deemed retroactive, such as [an erroneous career offender designation under United States v. Simmons, 649 F.3d 237, (4th Cir. 2011)], must be corrected in a First Step Act proceeding." Id. Because the court issued the amended judgment prior to Chambers, and this order memorializes the court's reasoning as it existed at the time the court issued the judgment, the court adheres to the revised Guidelines range set forth above. However, as discussed below, the court considered the erroneous career offender designation in the context of the 18 U.S.C. § 3553(a) factors.

3

has fully taken them into account by reducing defendant's sentence over six years.[3] The court finds further reduction would not accomplish the goals of sentencing reflected in § 3553(a), in light of the serious nature of defendant's drug trafficking offense and where defendant has prior convictions for assault by pointing a gun and drug trafficking, (see DE 103 ¶¶ 9-11), twice violated conditions of his state probation, (id.), and was charged with assault while in BOP custody, (see DE 94). Accordingly, even if the Guidelines range set forth above is erroneous based on the career offender error, the court would have imposed the same sentence as an upward variance. See United States v. Hargrove, 701 F.3d 156, 163 (4th Cir. 2012).

## CONCLUSION

Based upon the foregoing, the court granted defendant's motions for reduction of sentence pursuant to the First Step Act, (DE 88, 91), and amended defendant's judgment of conviction to reflect a sentence of 188 months' imprisonment and four years' supervised release.

SO NOTICED, this the 24th day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] The court commends defendant for his record of achievement while in custody, as reflected in the instant motion and exhibits attached thereto. For the most part, defendant's conduct in custody is consistent with the court's expectations at time of sentencing.